**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4461**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUIS JOHNSON, a/k/a Marques, a/k/a Marty,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:22-cr-00072-LKG-1)

───────────────

Submitted: January 6, 2025                              Decided:  May 21, 2025

───────────────

Before WYNN, THACKER, and RUSHING, Circuit Judges.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Ariel David Evans, Assistant United States Attorney, Kim Y. Hagan, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquis Johnson seeks to appeal the district court's judgment imposing the sentence stipulated in his plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure after he pled guilty to possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). On appeal, Johnson's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred in accepting the parties' Rule 11(c)(1)(C) plea agreement and imposing the sentence stipulated therein. The Government has moved to dismiss the appeal as barred by Johnson's appeal waiver. Johnson was notified of his right to file a pro se supplemental brief but has not done so.[1] We dismiss the appeal in part and affirm the district court's judgment in part.

"Rule 11 of the Federal Rules of Criminal Procedure governs the plea process in federal courts." *United States v. Dunlap*, 104 F.4th 544, 548 (4th Cir. 2024). "Under subsection (c)(1)(C) of that rule, a plea agreement 'may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case.'" *Id.* (quoting Fed. R. Crim. P. 11(c)(1)(C)). "If an agreement

---

[1] We did review a letter that Johnson mailed to the district court a month after sentencing in which he alleges that his attorney provided ineffective assistance of counsel. E.R.127–28. Claims of ineffective assistance of counsel are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (2010). "Otherwise, the proper avenue for such claims is in a 28 U.S.C. § 2255 motion filed with the district court." *Id.* Here, the record does not show any of the behavior alleged in Johnson's letter. Therefore, we cannot conclude from this record that it "conclusively appears" that Johnson was rendered ineffective assistance of counsel.

2

contains such a specification, 'the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.'" *Id.* "The text of Rule 11 is clear that if the district court accepts a Rule 11(c)(1)(C) plea agreement, it must impose the stipulated sentence set forth in the agreement." *Id.* at 549.

"Although in a Type-C agreement the Government and the defendant may agree to a specific sentence, that bargain is contingent on the district court accepting the agreement and its stipulated sentence." *Hughes v. United States*, 584 U.S. 675, 687 (2018). "The Sentencing Guidelines prohibit district courts from accepting Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Id.* (citing USSG § 6B1.2(c)). "So in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.* Thus, absent waiver, this Court has jurisdiction to review the district court's imposition of the stipulated sentence under Rule 11(c)(1)(C), and it reviews any challenge to the Rule 11 hearing asserted for the first time on appeal for plain error. *See United States v. Williams*, 811 F.3d 621, 622-25 (4th Cir. 2016).

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'" *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023).

3

"An appeal waiver does not preclude a defendant from challenging a sentence 'based on a constitutionally impermissible factor' or 'a sentence imposed in excess of the maximum penalty provided by statute.'" *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019). Moreover, we will not enforce an appeal waiver if doing so "would result in a 'miscarriage of justice,'" *United States v. McKinney*, 60 F.4th 188, 192 (4th Cir. 2023), and "even valid appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea," *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "The rationale for these exceptions is that they present claims that if true, would render the plea itself unknowing or involuntary." *McCoy,* 895 F.3d at 363.

We review the validity and effect of an appeal waiver de novo. *United States v. Lubkin*, 122 F.4th 522, 526 (4th Cir. 2024). "Where 'there is no claim that the United States breached its obligations under the plea agreement,' we enforce an appeal waiver if the record shows (1) 'that the waiver is valid' and (2) 'that the issue being appealed is within the scope of the waiver.'" *Id.* "An appeal waiver is valid 'if the defendant's agreement to the waiver was knowing and intelligent.'" *Id.* "We look at the 'totality of the circumstances,' including the clarity of the waiver's text and 'whether the district court sufficiently explained the waiver' at the defendant's 'plea colloquy.'" *Id.*

Upon our review of the record, we conclude that Johnson's appeal waiver is valid, and the issue raised on appeal falls within the scope of the waiver. In accordance with *Anders*, we have also reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none. Accordingly, we grant the Government's

motion to dismiss the appeal as to the issue raised on appeal, and we affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*